UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE CLEVELAND,<br>Plaintiff,<br>v.<br>AZIZ IBRAHIM, ET AL.,<br>Defendants. | Case No. 12-MC-80217 YGR (JCS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR**<br><br>Re: Dkt. No. 11 |

## I. INTRODUCTION

Plaintiff Antoinette Cleveland brings a Motion for Assignment Order and for Order Restraining Judgment Debtor ("Motion"), which was assigned to the undersigned magistrate judge for disposition by the District Court. In the Motion, Plaintiff seeks to enforce a money judgment against Defendants in the amount of $115,213.32. Defendants' response to the Motion was due on August 22, 2014. No response was filed. The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED without prejudice.

## II. BACKGROUND

In the Motion, Plaintiff asks the Court for an order: 1) directing Defendants to assign to Plaintiff under Cal. Code Civ. Proc. § 708.510 "all or part of a right to payment due or to become due, including, but not limited to, rents, commissions, royalties, payments due from a patent or copyright, insurance policy loan values, accounts receivable, general intangibles, judgments and instruments;" and 2) retraining Defendants under Cal. Code Civ. Proc. § 708.520 "from assigning or otherwise disposing of the right to payment sought to be assigned upon a showing of need."

In support of the Motion, Plaintiff has provided a declaration of counsel stating that: 1) a

judgment in the amount of $115,213.32 was entered against the defendants in this case in the United States District Court for the Northern District of Ohio on June 24, 2005; 2) a Certification of Judgment for Registration in Another District was filed in this Court on September 6, 2012; 3) a Writ of Execution was issued by the Clerk of this Court on April 24, 2013; 4) no payments have been received from Defendants with the exception of a bank account levy, in the amount of $8,091.38, which was credited against the $34,409.40 interest amount set forth in the Writ of Execution; 5) the judgment is final and enforcement is not stayed; and 6) "[t]here is a need to restrain the judgment debtor from encumbering, assigning, disposing of or spending the proceeds of the aforementioned accounts receivable and right to payment as the judgment debtor may, in fact, decide to so assign, dispose of or spend the proceeds of the accounts receivable and right to payment, preventing judgment creditor from satisfying her judgment." Declaration of Ross A. Spector.

### III.    ANALYSIS

The execution of final judgments is governed by Fed. R. Civ. Proc. 69(a)(1), which provides that a federal district court must apply the procedures on execution of a judgment that are followed in the state where the Court is located, "except that any statute of the United States governs to the extent that it is applicable."

In California, a judgment creditor may obtain an assignment order against a judgment debtor pursuant to Cal. Civ. Proc. Code § 708.510(a), which

provides, in part, as follows:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>
> (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
>
> (2) Rents.
>
> (3) Commissions.
>
> (4) Royalties.

     (5) Payments due from a patent or copyright.

     (6) Insurance policy loan value.

Cal. Civ. Proc. Code § 708.510(a).  Factors that may be considered in determining whether to issue an assignment order are set forth in subsection (c) and include "[p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments or garnishments," "[t]he amount remaining due on the money judgment," and "the amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Civ. Proc. Code § 708.510(c).  Further, "[a] right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money judgment." *Id*.

  In order to ensure that an assignment is both warranted and permissible under § 708.510(a), courts require that a party seeking an assignment order identify the intended source(s) that are obligated to make payments to the judgment debtor.  *See, e.g.*, *UMG Recordings, Inc. v. BMG Music Group, Inc.*, 2009 WL 2213678, at *2-3 (C.D. Cal. July 9, 2009); *Garden City Boxing Club, Inc. v. Briano*, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007).  As the court in *Garden City Boxing* explained, a request "for a general assignment of all possible funds due to Defendant" that does not "identify any specific source of money to be assigned" may not be granted because the court cannot consider the factors listed in Cal. Civ. Proc. Code § 708.510(c).  2007 WL 4463264, at *1. The court further noted that there are federal statutes that limit judgment enforcement and that it could not determine whether those statutes applied to the plaintiff's general request for an assignment in that case.  *Id*.  Similarly, the Court in this case is unable to determine whether any assignment is either appropriate or permissible because Plaintiff has not identified any specific source of money to be assigned.   Therefore, Plaintiff has not demonstrated that she is entitled to an assignment.

  The Court also denies Plaintiff's request for a restraining order under Cal. Civ. Proc. Code § 708.520.  That section provides, in part, that "[w]hen an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned."  As the Court is denying Plaintiff's request for assignment under Cal. Civ. Proc. Code §

1  708.510, it also declines to issue a restraining order under Cal. Code Civ. Proc. § 708.520. *See*
2  *Garden City Boxing Club*, 2007 WL 4463264, at *2 (E.D. Cal. Dec. 17, 2007) (denying request
3  for restraining order where the court had also denied request for assignment on the basis that
4  request did not identify any specific source of money to be assigned).

5  **IV.    CONCLUSION**

6  For the reasons stated above, the Motion is DENIED without prejudice. Plaintiff may
7  proceed with the Judgment Debtor Examination requested in Docket No. 12. To schedule a time
8  and place for appearance and examination, Plaintiff's counsel may contact Karen Hom, Courtroom
9  Deputy to Magistrate Judge Spero, at (415) 522-2035.

10  **IT IS SO ORDERED.**

12  Dated: August 26, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

4